LAWRENCE COUNTY BANK v. ARNDT.

Opinion delivered November 19, 1906.

ADMINISTRATION.—STATUTE OF NON-CLAIM.—Where a bank by mistake permitted a customer to overdraw his account, and the overdraft, by mistake in the bank's bookkeeping, was not discovered until after two years from grant of letters of administration on the customer's estate, the claim is barred.

Appeal from Lawrence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*H. L. Ponder* and *Moore, Smith & Moore,* for appellant.

1.  The executors were joined in the action to obtain an order preventing them from turning over funds in their hands to the widow and heirs.

Where the cause of action does not come into existence until after the two-year period is up, or so near the expiration of that period as not to be capable of being asserted within that time, or where the claim is inchoate or contingent, then the party having such cause of action or claim, although barred by the statute from suing the executors or administrators, may maintain a suit in equity against the heirs and distributees. 3 Ark. 559; 9 Ark. 416; 15 Ark. 413; 40 Ark. 437; 31 Ark. 221; 58 Ark. 91; 54 Ark. 37; 63 Ark. 223.

2.  Upon return of his pass book, Pitzele must have discovered the discrepancy; and his concealment of it for so long a period, coupled with the appellant's ignorance, would have the effect to stop the running of the statute of limitations. Such being the case, the claim can be prosecuted against the heirs and distributees.

3.  Independently of the statute, this is a case for equitable relief. Equity will interfere in cases of fraud or mistake to grant that relief which is proper. 160 Mass. 438; 63 N. Y. 455; 43 N. Y. 452; 1 Beach, Mod. Ed. Jur. § 54. And the statute of limitations does not begin to run until discovery of the mistake, or the time when by due diligence it ought to have been discovered. Pomeroy's Eq. Jur. (3 Ed.), § 869, and note; 93 Va. 623; 29 Ga. 651; 17 Ala. 557; 84 N. C. 408; 31 Tex. 334; Kerr, Fraud & Mistake, 435-6; Daniel's Ch. Pr. § 737.

*Morris M. Cohn,* for appellees.

The claim in suit is not authenticated, and for that reason can not be enforced. It is also barred by the statute of non-claim. 45 Ark. 299; 66 Ark. 327; 69 Ark. 62; 23 Ark. 604; 18 Ark. 334.

HILL, C. J. J. N. Pitzele was a depositor in appellant bank, and on January 12, 1901, made a deposit to his account which was then overdrawn, and which still left an overdraft of $1,056.36. but the assistant cashier in entering the credits made an error and left an apparent overdraft of only $56.35 instead of $1,056.36. Pitzele died January 28, 1902. Letters testamentary were granted to the executor of his will on February 3, 1902. In July, 1904, an expert accountant examining the books of appellant's bank discovered the error. In January, 1905, the bank brought this action against the heirs and distributees of Pitzele's estate to recover said amount and to enjoin the executors from paying out funds in their hands to heirs and distributees. There was an allegation that Pitzele knew of the error, and some evidence tending to prove it. There was no evidence that the heirs or distributees or executors had any knowledge of the error. The bank did not keep daily balances between individual accounts and the genral account of debits and credits. The evidence of the error was as patent when it occurred as when it was discovered, but it would have taken either a more accurate system of bookkeeping than the one employed or an expert accountant to have earlier discovered it.

The recent case of *Planters' Mutual Ins. Co.* v. *Nelson, ante,* p. 103, is not distinguishable in principle from this one. .

The statute of non-claim is to free an estate of unpresented demands after two years from grant of letters except actions arising after two years as therein explained.

The bank had two years after grant of letters, which would give it over three years from the event in this case, to discover its cause of action and evidence to sustain it; and all that time the evidence rested in his own books, only awaiting a proper examination to be revealed.

The statute of nonclaim bars such actions.

Judgment affirmed.